D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

*In association with*,

FEAR WADDELL, P.C.
Peter L. Fear, No. 207238
pfear@fearlaw.com
Gabriel J. Waddell, No. 256289
gwaddell@fearlaw.com
Peter A. Sauer, No. 255957
psauer@fearlaw.com
7650 North Palm Avenue, Suite 101
Fresno, California 93711
(559) 436-6575
(559) 436-6580 (fax)

Attorneys for Debtor and Debtor-in-Possession
LA HACIENDA MOBILE ESTATES, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| In re<br><br>LA HACIENDA MOBILE ESTATES, LLC,<br><br>Debtor in Possession. | Case No. 24-11967-A-11<br><br>Chapter 11<br><br>Docket Control Number: MHW-4<br><br>Date: October 30, 2024<br>Time: 9:30 a.m.<br>Courtroom: 11; 5th Floor<br>Location: 2500 Tulare Street<br>            Fresno, CA 93721<br>Judge: Hon. Jennifer E. Niemann |

**DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD UNDER 11 U.S.C. § 1121**

LA HACIENDA MOBILE ESTATES, LLC, Debtor and Debtor in Possession herein ("Debtor"), hereby submits this Motion to Extend Exclusivity Period Under 11 U.S.C. § 1121 ("Motion"). In support of this Motion, Debtor represents as follows:

Debtor has been diligently prosecuting this Chapter 11 case, and has been strenuously opposed by unincorporated association of tenants Trails End United for Change ("TEUC"). After approximately a two-month delay period where the courts successively transferred the venue of this case, Debtor timely filed its plan of reorganization and disclosure statement, and also a claims estimation motion to determine the unknown, contingent claims of occupants of the mobilehome park upon closure of the park. This contingency is based on California law and Debtor has previously submitted certified appraisals establishing the in-place appraised values of each mobilehome, which is all that is required to be paid under California law upon park closure.

TEUC has recently filed a motion to terminate Debtor's exclusivity period but only explains in cursory fashion why such relief is warranted. Instead, Debtor has shown, through a point-by-point analysis of the factors first stated in *In re Dow Corning Corp.*, 208 B.R. 661 (Bankr. E.D. Mich. 1997), that there is good cause to extend the exclusivity period to permit Debtor a fair opportunity to prosecute its Chapter 11 plan without undue distractions.

For all of the reasons stated in the Motion and accompanying Memorandum of Points and Authorities, Debtor respectfully requests that the Court enter an order that provides that:

1. Under 11 U.S.C. § 1121(d), the period stated in 11 U.S.C. § 1121(c)(3) shall be extended from 180 days (terminating on November 5, 2024) for a further approximate four months, through and including March 5, 2025; and

2. For such other further relief as the Court may deem just and proper.

DATED: October 16, 2024                    MARSHACK HAYS WOOD LLP

By: /s/ Tinho Mang
    D. EDWARD HAYS
    TINHO MANG
    Attorneys for Debtor and
    Debtor-in-Possession,
    LA HACIENDA MOBILE ESTATES, LLC