5

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

*In association with*,

FEAR WADDELL, P.C.
Peter L. Fear, No. 207238
pfear@fearlaw.com
Gabriel J. Waddell, No. 256289
gwaddell@fearlaw.com
Peter A. Sauer, No. 255957
psauer@fearlaw.com
7650 North Palm Avenue, Suite 101
Fresno, California 93711
(559) 436-6575
(559) 436-6580 (fax)

Attorneys for Debtor and Debtor-in-Possession,
LA HACIENDA MOBILE ESTATES, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re<br><br>LA HACIENDA MOBILE ESTATES, LLC,<br><br>           Debtor in Possession. | Case No. 24-11967-A-11<br><br>Chapter 11<br><br>D.C. No. FW-7<br><br>Date: December 11, 2024<br>Time: 9:30 a.m.<br>Place: Dept. A, Courtroom 11, 5th Floor<br>      United States Courthouse<br>      2500 Tulare St., Fresno, California<br>Judge: Hon. Jennifer E. Niemann |

**MOTION TO APPROVE SALE OF REAL PROPERTY PER 11 U.S.C. § 363(b)**

LA HACIENDA MOBILE ESTATES, LLC ("Debtor"), Debtor in Possession of the above-referenced bankruptcy, moves for authority to sell, pursuant to 11 U.S.C. § 363, real

1 property to Self-Help Enterprises ("Proposed Buyer") for the amount of $4,000,000.00. This
2 motion is based on the Memorandum of Points and Authorities, Declaration of Matt Davies, the
3 exhibits filed in support, and the filings in this case.

<u>GROUNDS FOR MOTION</u>

1. On May 9, 2024, Debtor filed a voluntary petition under Chapter 11 of Title 11, United States Code. This bankruptcy case was filed in Delaware. On June 7, 2024, the Delaware court entered an order transferring venue to the United States Bankruptcy Court for the Eastern District of California. On July 15, 2024, this case was transferred to the Fresno Division of the United States Bankruptcy Court for the Eastern District of California, as captioned above.

2. Debtor is and remains the Debtor in Possession of the bankruptcy estate.

3. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N). This motion is brought pursuant to 11 U.S.C. §363(b).

4. Among the assets of this bankruptcy estate is real property commonly known as 104 East Sierra Avenue, Fresno, CA 93710 (the "Property"). The Property is legally described as follows:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF FRESNO, COUNTY OF FRESNO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:
>
> **PARCEL 1: APN 408-050-04**
>
> THE WEST HALF OF THE SOUTHEAST QUARTER OF LOT 204 OF PERRIN COLONY NO. 2, IN THE COUNTY OF FRESNO, STATE OF CALIFORNIA, ACCORDING TO THE AMENDED MAP THEREOF RECORDED IN BOOK 4 PAGE 68 OF PLATS, FRESNO COUNTY RECORDS.
>
> EXCEPTING THEREFORM THE EAST 10 FEET THEREOF.

ALSO EXCEPTING THEREFROM ANY MOBILE HOME SITUATED ON SAID LAND.

**PARCEL 2: APN 408-050-09 AND PORTION OF 408-050-05**

THE SOUTH HALF OF THE NORTHEAST QUARTER OF LOT 204 OF PERRIN COLONY NO. 2, IN THE COUNTY OF FRESNO, STATE OF CALIFORNIA, ACCORDING TO THE AMENDED MAP THEREOF RECORDED IN BOOK 4 PAGE 68 OF PLATS, FRESNO COUNTY RECORDS.

EXCEPTING THEREFROM THE WEST 30 FEET THEREOF.

TOGETHER WITH THE NORTHERLY 144 FEET, MORE OR LESS, OF THE WEST 70 FEET OF THE EAST HALF OF THE EAST HALF OF THE SOUTH HALF AND THE EAST 10 FEET OF THE WEST HALF OF THE EAST HALF OF THE SOUTH HALF OF SAID LOT 204, THE SOUTH LINE OF WHICH IS MARKED BY AN EXISTING WOODEN FENCE.

ALSO EXCEPTNG THEREFROM ANY MOBILE HOME SITUATED ON SAID LAND.

TOGETHER WITH UNDERLYING FEE INTEREST, IF ANY, ADJACENT TO THE ABOVE DESCRIBED PROPERTY IN AND TO THE ADJOINING PUBLIC RIGHT OF WAY.

**PARCEL 3**

RIGHT OF WAY FOR INGRESS AND EGRESS OVER THE EAST 30 FEET OF THE WEST 115 FEET AND OVER THE EAST 30 FEET OF THE WEST 244.5 FEET OF THE FOLLOWING DESCRIBED PARCEL:

THE WEST HALF OF THE SOUTHEAST HALF OF LOT 204 OF PERRIN COLONY NO. 2, ACCORDING TO THE AMENDED MAP THEREOF RECORDED APRIL 1, 1891 IN BOOK 4, PAGE 68 OF PLATS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APNs: 408-050-04, 408-050-09, and 408-050-05 (portion)

5. Both prior to and during the bankruptcy, Debtor has negotiated with Self-Help Enterprises ("Proposed Buyer") for the sale of the Property.

6. As a result of these negotiations, counsel for Debtor forwarded a final version of the Purchase and Sale Agreement (the "PSA") between Debtor and Proposed Buyer, subject to bankruptcy court approval. A true and correct copy of the PSA is filed herewith as Exhibit "C."

7. Proposed Buyer received the PSA on or around November 6, 2024.

8. The PSA has not yet been signed by Proposed Buyer, but was a final draft previously prepared by Proposed Buyer and Debtor agrees to its terms with minor modifications as to the requirement for approval by the Bankruptcy Court. As a result, Debtor believes that all parties agree to the sale on the terms of the PSA.

9. Pursuant to the PSA, Debtor has agreed to sell the Property to Proposed Buyer for the amount of $4,000,000.00.

10. Property taxes owed on the Property, as well as the deed of trust secured on the Property, will be paid through escrow in the sale.

11. Additionally, Debtor intends to seek employment of a real estate broker concurrently with the hearing on this sale motion. Should that employment and the broker's fees be approved, Debtor seeks authority to pay those fees through escrow.

12. The net proceeds of the proposed sale are estimated to be sufficient to pay the remaining creditors of the bankruptcy estate in full.

13. Additionally, the proposed sale would allow the Property to continue to operate as a mobile home park. As a result, the claims of the current tenants, which are contingent on the cessation of mobile home services at the Property, will be resolved.

14. As a result, the proposed sale is in the best interests of the bankruptcy estate.

15. 11 U.S.C. § 363(b) allows a trustee, a power held by the debtor-in-possession here, *see* 11 U.S.C. § 1107, to sell property of the bankruptcy after notice and a hearing.

16. Debtor requests that the 14-day stay of F.R.Bankr.P. 6004(h) be waived to permit the sale of the Property to close as soon as possible.

<u>RELIEF REQUESTED</u>

WHEREFORE, Debtor prays for an order providing as follows:

a) The Motion is granted;

b) The 14-day stay of Fed. R. Bankr. P. 6004(h) is waived;

c) Debtor is authorized and ordered to sell the Property to the Proposed Buyer on the terms summarized above;

d) Debtor is authorized to execute all documents necessary to effectuate the sale of the Property;

e) Debtor is authorized to pay all costs, real property taxes, and deeds of trust directly from escrow as set forth hereinabove; and

f) For such other relief as this Honorable Court may deem just and proper.

Date: 11/15/2024　　　　　　　　　　　FEAR WADDELL, P.C.

　　　　　　　　　　　　　　　　　　By: /s/ Peter L. Fear
　　　　　　　　　　　　　　　　　　PETER L. FEAR
　　　　　　　　　　　　　　　　　　Attorney for Debtor